# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LISA M. DEGEORGE,

        Plaintiff,

vs.                                            Case No. 6:12-cv-1654-Orl-37GJK

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.

## ORDER

This cause is before the Court on Plaintiff's Amended[1] Motion to Remand and Supporting Memorandum of Law (Doc. 15), filed December 7, 2012. Upon consideration, the Court hereby denies Plaintiff's motion.

## BACKGROUND

Plaintiff filed a personal injury complaint against Defendant Geico and another party, Jerry Kalber, in state court. (Doc. 2.) Kalber, a non-diverse party, was dropped from the suit on November 1, 2012. (Doc. 3.) Geico then timely removed the case to this Court on November 5, 2012, pursuant to diversity jurisdiction. (Doc. 1.)

It is undisputed that the complete-diversity requirement is met. (*See, e.g.*, *id.* ¶ 5.) As to the amount-in-controversy requirement, Plaintiff sent Defendant a demand letter detailing economic damages of more than $97,000 for past medical bills. (*Id.* ¶ 6.)

---

[1] Plaintiff originally filed the motion to remand with nearly 100 pages of attachments. (Doc. 12.) Defendant responded. (Doc. 14.) This amended motion appears to be identical to the first motion, except it lacks the attachments. (*Compare* Doc. 12 *with* Doc. 15.) Thus, the Court will consider Defendant's arguments in response to the first motion as if they were made in response to the instant amended motion.

Plaintiff's demand letter is attached to Defendant's Notice of Removal. (Doc 1-1, pp. 7–8.) Plaintiff is also claiming, *inter alia*, loss of earnings, loss of the ability to earn money in the future, pain and suffering, and that her injuries are permanent and ongoing. (Doc. 2, ¶¶ 9–14.)

Plaintiff now moves to remand this case to state court, arguing that Defendant has not established the requisite amount in controversy. (Doc. 15.) Plaintiff contends that Defendant's Notice of Removal improperly alleged the amount by relying on the $250,000 maximum of the insurance policy at issue. (*Id.* at 3.) Plaintiff also posits that because Defendant refused to "stipulate that they owe [Plaintiff] at least $75,000.00," Defendant does not believe the case is worth that much and therefore removal is improper. (*Id.* at 5.) Furthermore, Plaintiff argues that some of the $97,000 in medical bills will likely be subject to setoff, reducing that amount. (*Id.* at 12.) Defendant opposed the motion, and this matter is now ripe for the Court's consideration.

## STANDARDS

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The Court may look to the complaint, notice of removal, and any other relevant papers revealing that the amount in controversy is satisfied. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements do not limit the types of evidence that may be used to satisfy the

preponderance of the evidence standard."). Settlement offers, demand letters, and even emails estimating damages have been held to qualify as "other relevant papers." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

Demand letters or settlement offers, by themselves, "may not be determinative, [but they] count[] for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (finding that a demand letter making a flat claim for $155,000 with no information about how the damages were assessed was not enough standing alone to establish the amount in controversy, but noting that such demands "that provide specific information . . . to support [the plaintiff's] claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight" (citation and internal quotation marks omitted) (alterations in original)).

Setoffs are not properly considered when determining the amount in controversy. *See, e.g.*, *Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550, at *3–4 (M.D. Fla. May 26, 2010); *Henry v. K-Mart Corp.*, No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010).

## DISCUSSION

The thrust of Plaintiff's motion is that the amount of medical bills itemized in her demand letter is mere unreliable puffery, particularly because "Geico has not made any offer to DeGeorge" as a result of the letter. (Doc. 15, p. 9.) Plaintiff is arguing that Defendant is trying to have its cake and eat it too by (1) claiming that the amount in

controversy in the case exceeds $75,000, while (2) refusing to make a settlement offer of more than $75,000, thereby allegedly demonstrating that Defendant "does not believe the case is worth more than" the amount in controversy. (*Id.* at 5.) This contention is specious.

Plaintiff's demand letter is not a flat dollar-amount demand with no supporting documentation, as was the one held insufficient in *Jackson*, 651 F. Supp. 2d at 1281. Rather, it is a thorough, nine-page account of Plaintiff's claimed medical treatments, diagnoses, prognoses, itemized expenses, and so on. (Doc. 1-1, pp. 1–9.) While Plaintiff does demand $250,000 total, she also details, to the penny, her confirmed past medical expenses in the amount of $97,235.40. (*Id.* at 8.) Defendant explicitly relied upon that latter figure to establish the amount in controversy in its Notice of Removal. (Doc. 1, ¶ 6.)

Taking into account the claims in Plaintiff's complaint, Defendant's Notice of Removal, and Plaintiff's detailed medical expenses and other allegations that her injuries are permanent and ongoing, and discounting any alleged setoff, the Court finds that Defendant has proved by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. Thus, Plaintiff's motion to remand this case to state court is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Amended Motion to Remand and Supporting Memorandum of Law (Doc. 15) is **DENIED**.

2. The Clerk is **DIRECTED** to terminate the identical motion pending at Document No. 12.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 13, 2012.

                                                ROY B. DALTON JR.
                                                United States District Judge

Copies:

Counsel of Record